# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# at LONDON

Civil Action No. 09-351

JUDY MICHELLE SMITH,                                         PLAINTIFF,

v.                 **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on May 3, 2007, alleging disability beginning on May 1, 2005, due to anxiety disorder, borderline personality disorder, bi-polar condition and back problems (Tr. 130). This application was denied initially and on reconsideration (Tr. 5-14, 78-83 and 86-88).

On December 5, 2008, an administrative hearing was conducted by Administrative Law Judge Frank Letchworth (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, William Ellis, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On April 8, 2009, the ALJ issued his decision finding that Plaintiff was not disabled. Plaintiff was 35 years old on the date she was last insured (Tr. 98). She has a GED (Tr. 23-26). Her past relevant work experience consists of work as a fast-food worker, cook and car parts assembler (Tr. 23-26).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period between her alleged onset of disability and the date she was last insured (Tr. 10).

The ALJ then determined, at Step 2, that Plaintiff suffers from back pain due to disc herniation at L5-S1 and neck pain status post motor vehicle accident, which he found to be "severe" within the meaning of the Regulations (Tr. 10-12).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 12).

The ALJ further found that Plaintiff could return to her past relevant work as a fast food worker (Tr. 14). In addition, the ALJ determined that she has the residual functional capacity ("RFC") to perform a range of light work, as defined in 20 C.F.R. § 404.1567(b) (Tr. 12-14).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 4 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the

ALJ's decision as the final decision of the Commissioner on August 27, 2009 (Tr. 1-3).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence

supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff's only argument on appeal is the ALJ failed to give appropriate weight to her treating psychiatrist Dr. Vassilli Arkadiev and, in doing so, failed to find that she suffers from a severe mental impairment.

A "severe" impairment is one which significantly impairs one's physical or mental ability to do basic work activity. 20 C.F.R. §404.1520(c). The burden is upon Plaintiff to prove the existence of a severe impairment and that such a condition was present, continuously, for a period of twelve months. *Id.*

In this case, Plaintiff seeks to prove the severity of her mental impairment based upon the opinion Dr. Arkadiev.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler,* 756 F.2d 431, 435 (6th Cir. 1985).

In November 2008, Dr. Arkadiev completed a Medical Assessment of Ability to Do Work-Related Activities (Mental) in which he opined that Plaintiff's

was severely limited in her ability to perform work-related activities (Tr. 481-483).

However, as the ALJ pointed out, Dr. Arkadiev's opinion of severe mental impairment is at odds with his own notes of treatment, in which he noted mostly moderate symptoms.

In addition to being inconsistent with his own record of treatment, Dr. Arkadiev's opinion is not supported by the medical evidence of record. Nowhere in the record are diagnostic or clinical tests which support his opinion. Nor have the other psychiatrists whose opinions are set forth in the record share his suggestion of disabling mental impairment.

There is simply nothing in the record which lends credence to Dr. Arkadiev's opinion. The Court, therefore, finds that the ALJ did not err in his consideration of the same.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A Judgment in favor of the Defendant will be entered contemporaneously herewith.

This 24 day of September, 2010.

                                                     /s/ Henry R. Wilhoit, Jr.
                                                     Henry R. Wilhoit, Jr., Senior Judge